Gregory G. Schwartz
Cal. State Bar No. 206134
*Email: gschwartz@rohdelaw.com*
ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154

Telephone:   (206) 386-7353
Facsimile:   (206) 405-2825

Michael James Cronen
Cal. State Bar No. 22653
Zimmerman & Cronen, LLP
1330 Broadway, Suite 710
Oakland, CA 94612
Tel: (510) 465-0828
Fax: (510) 465-2041
E-mail: mcronen@zimpatent.com

Attorneys for Data Retrieval Technology LLC

E-filing

FILED
NOV 13 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DATA RETRIEVAL TECHNOLOGY LLC, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYBASE, INC., a Delaware corporation,<br><br>Defendant. | Case No.: C09-05360 HRL<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint against the named defendant, plaintiff Data Retrieval Technology LLC ("Data Retrieval Technology") alleges as follows:

## I. PARTIES

1.   Data Retrieval Technology is a limited liability corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 500

Complaint - 1

1  Newport Center Drive, 7th Floor, Newport Beach, California 92660.

2.  Sybase, Inc., ("Sybase"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Sybase Drive, Dublin, California 94568.

## II. JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, specifically the Patent Act of 1952, 35 U.S.C. § 1 et seq. Subject matter jurisdiction is founded under 28 U.S.C. §§ 1338 (a) and 35 U.S.C. § 281.

4.  This court has personal jurisdiction over the defendant because the defendant transacts business within this district and has caused tortious injury by an act within this district through its infringement of U.S. Patent No. 5,802,511 and/or U.S. Patent No. 6,625,617 B2, as alleged hereafter, which has injured Data Retrieval Technology in this district.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400 (b) because defendant is subject to personal jurisdiction within the Northern District of California as residence is defined in 28 U.S.C. § 1391(c).

## III. FACTS

6.  U.S. Patent No. 5,802,511, entitled "Data Retrieval Method and Apparatus with Multiple Source Capability," issued on September 1, 1998 to David B. Kouchi, David F. Yarnall, and Donald K. Babcock, all of Washington. A copy of the '511 patent is attached hereto as Exhibit A.

7.  U. S. Patent No. 6,625,617 B2, entitled "Modularized Data Retrieval Method and Apparatus with Multiple Source Capability," issued on September 23, 2003 to David F. Yarnall and Donald K. Babcock, both of Washington. A copy of the '617 patent is attached hereto as Exhibit B.

8. The inventions disclosed and claimed in the patents constituting Exhibits A and B were invented by employees of Timeline, Inc. of Bellevue, Washington. Each of the patents constituting Exhibits A and B was assigned prior to issuance to Timeline, Inc. Collectively, the patents constituting Exhibits A and B are referred to herein as the "Data Retrieval Patents."

9. On or about July 30, 2008, Timeline, Inc. granted an exclusive license in and to certain patents, including the Data Retrieval Patents, to Acacia Patent Acquisition LLC of Newport Beach, California ("APAC"). The exclusive license to APAC granted "all substantial rights" to APAC, including the exclusive right to sue for and collect past, present and future damages and to seek and obtain injunctive or any other relief for infringement of the Data Retrieval Patents.

10. By assignment effective October 14, 2008, APAC assigned its exclusive license in and to the Data Retrieval Patents to Data Retrieval Technology. The assignment to Data Retrieval Technology included the exclusive right to sue for and collect past, present and future damages and to seek and obtain injunctive or any other relief for infringement of the Data Retrieval Patents.

11. Upon information and belief, subsequent to the grant of the exclusive license to APAC, Timeline, Inc. assigned its rights in and to the Data Retrieval Patents to TMLN Royalty of Stanwood, Washington.

12. Sybase has made, used, sold, offered to sell, or imported one or more products and/or material components thereof that are covered by one or more claims of one or more of the Data Retrieval Patents.

13. Upon information and belief, defendant had actual notice of the existence of the Data Retrieval Patents at the time of commencing infringing activity. Upon information and belief, defendant's infringement of the Data Retrieval Patents has been willful.

## IV. COUNT ONE
## PATENT INFRINGEMENT

14. Data Retrieval Technology incorporates herein by reference paragraphs 1-16 above as if fully rewritten herein.

15. Defendant has infringed the Data Retrieval Patents in violation of 35 U.S.C. §§ 271(a) and 271(c) by making, using, selling, offering to sell, and/or importing Accused Products and/or material components thereof within the United States that embody, individually and/or in conjunction with each other, the features and improvements claimed by the Data Retrieval Patents, and has induced its customers to infringe the Data Retrieval Patents in violation of 35 U.S.C. § 271(b).

16. Defendant's conduct, as alleged above, has been willful, intentional, and in conscious disregard of Data Retrieval Technology's rights.

## V. RELIEF REQUESTED

WHEREFOR, Data Retrieval Technology prays for judgment against defendant as follows:

(a) that defendant be judged to have infringed one of more of the Data Retrieval Patents;

(b) that Data Retrieval Technology be awarded compensatory damages in an amount adequate to compensate it for its damage and injury, but in no event less than a reasonable royalty;

(c) that, in view of defendant's deliberate and intentional acts, the case be declared exceptional pursuant to 35 U.S.C. § 285 and Data Retrieval Technology be awarded treble damages pursuant to 35 U.S.C. § 284;

(d) that defendant be permanently enjoined from infringing the Data Retrieval Patents;

(e) that Data Retrieval Technology have and recover the cost of this civil action, including reasonable attorney fees and interest to the maximum extent permissible, including prejudgement interest; and

(f) that Data Retrieval Technology be awarded such other and further relief as the Court may deem just and equitable.

DATED this 13th day of November, 2009.

ROHDE & VAN KAMPEN PLLC

Gregory G. Schwartz, Cal. SBN 206134
Rohde and Van Kampen PLLC
1001 Fourth Avenue, Suite 4050
Seattle, WA 98154-1000
Tel: 206-386-7353
Fax: 206-405-2825
E-mail: brohde@rohdelaw.com
Attorneys for Plaintiff
Data Retrieval Technology LLC

Of counsel:

Robert E. Rohde, Wash. SBN 12809
Rohde and Van Kampen PLLC
1001 Fourth Avenue, Suite 4050
Seattle, WA 98154-1000
Tel: 206-386-7353
Fax: 206-405-2825
E-mail: brohde@rohdelaw.com

Attorneys for Plaintiff
Data Retrieval Technology LLC

Complaint - 5

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues.

Dated this 13th day of November, 2009.

ROHDE & VAN KAMPEN PLLC

_____
Gregory G. Schwartz, Cal. SBN 206134
Rohde and Van Kampen PLLC
1001 Fourth Avenue, Suite 4050
Seattle, WA 98154-1000
Tel: 206-386-7353
Fax: 206-405-2825
E-mail: brohde@rohdelaw.com
Attorneys for Plaintiff
Data Retrieval Technology LLC

Of counsel:

Robert E. Rohde, Wash. SBN 12809
Rohde and Van Kampen PLLC
1001 Fourth Avenue, Suite 4050
Seattle, WA 98154-1000
Tel: 206-386-7353
Fax: 206-405-2825
E-mail: brohde@rohdelaw.com

Attorneys for Plaintiff
Data Retrieval Technology LLC

Complaint - 6